Eric K. Yaeckel [CSB No. 274608]
yaeckel@sullivanlawgroupapc.com
Ryan T. Kuhn [CSB No. 324538]
ryan@sullivanlawgroupapc.com
**SULLIVAN & YAECKEL LAW GROUP, APC**
2330 Third Avenue
San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX

Attorneys for Plaintiff EVELYN DESSAMERO-SISON, Individually and on behalf of other members of the general public similarly situated

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN DESSAMERO-SISON, Individually and on behalf of other members of the general public similarly situated<br><br>Plaintiff,<br><br>v.<br><br>PALOMAR HEALTH, a business entity, form unknown; PALOMAR MEDICAL CENTER ESCONDIDO, a business entity, form unknown, and DOES 1-10, inclusive<br><br>Defendants | CASE NO. **'21CV1206 DMS LL**<br><br>[Proposed Class Action]<br><br>**COMPLAINT FOR:**<br><br>1. **VIOLATION OF FAIR LABOR STANDARDS ACT;**<br><br>2. **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.;**<br><br>3. **DISCRIMINATION PURSUANT TO CAL. GOV'T. Code § 12940(a)]**<br><br>*Demand for Jury Trial* |

COMES NOW Plaintiff EVELYN DESSAMERO-SISON, ("Plaintiff" or "SISON"), individually and on behalf of all other members of the general public similarly situated, and alleges for her Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1. At all relevant times herein, SISON was and is an individual working in the County of San Diego, State of California.

2. Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, Defendant PALOMAR HEALTH was and is a business entity, form unknown, doing business throughout the state, including the County of San Diego, state of California. Defendant PALOMAR MEDICAL CENTER ESCONDIDO was and is a business entity, form unknown, doing business throughout the state, including the County of San Diego, state of California. (Collectively, PALOMAR HEALTH and PALOMAR MEDICAL CENTER ESCONDIDO and are referred to collectively as Defendants, or "PALOMAR").

3. Venue is proper because certain acts constituting the below violations were committed in San Diego County.

4. Plaintiff is presently unaware of the true names, capacities, and liability of defendants named herein as DOES 1 through 10, inclusive. Accordingly, Plaintiff will seek leave of court to amend this complaint to allege their true names and capacities after the same have been ascertained.

5. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the wrongs and damages as herein alleged, and in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in doing the actions mentioned below, was acting within the course and scope of his or her authority as such agent, servant, partner, and employee with the permission and consent of the co-defendants. Plaintiff's injuries as herein alleged were proximately caused by said defendants. Wherever it is alleged herein that any act or omission

was done or committed by any specially named defendant or defendants, Plaintiff intends thereby to allege and does allege that the same act or omission was also done and committed by each and every defendant named as a DOE, both separately and in concert or conspiracy with the named defendant or defendants.

6. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, including DOES 1 through 10, are and at all times herein mentioned were either individuals, sole proprietorships, partnerships, registered professionals, corporations, alter egos or other legal entities which were licensed to do and/or were doing business in (among others) the County of San Diego, in the State of California, at all times relevant to the subject matter of this action.

7. The Fair Labor Standards Act of 1938 ("FLSA") authorizes Court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. section 216(b) and 28 U.S.C. section 1331.

8. Under 28 U.S.C. section 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims because the state claims are so related to the FLSA claims that they form part of the same case of controversy. Additionally, jurisdiction over Plaintiff's state law claims is based upon the Class Action Fairness Act, 28 U.S.C. section 1332(d)(2)(A), because the amount in controversy exceeds five-million dollars ($5,000,000.00), exclusive of interest and costs, and because the parties are diverse.

**COLLECTIVE AND CLASS ACTION ALLEGATIONS**

9. Plaintiff SISON brings Count I, the FLSA claim, as a statewide "opt-in" collective action pursuant to 29 U.S.C. section 216(b), on behalf of herself and the following persons:

> All current and former nonexempt employees of PALOMAR who have worked for PALOMAR in the state of California at any time

- 2 -

Collective and Class Action Complaint

during the last three years.

10. SISON brings Count II (violation of California Business & Professions Code section 17200 et seq.) as an "opt-out" class action pursuant to Fed.R.Civ.P. 23, on behalf of herself and as the Class Representative of the following persons:

> All current and former nonexempt employees of PALOMAR who have worked for PALOMAR in the state of California within the last four years.

11. The FLSA claim is pursued on behalf of those who opt-in to this case, pursuant to 29 U.S.C. section 216(b).

12. The count two state law claims, if certified for class-wide treatment, are pursued on behalf of all similarly situated persons who do not opt-out of the Class.

13. Plaintiff, individually and on behalf of all other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, PALOMAR'S uniform practice of: (1) failing to pay employees for all overtime compensation due, as a result of PALOMAR' failure to properly calculate the "Regular Rate of Pay" for purposes of calculating the Overtime rate of pay; (2) the Class was not compensated for hours they worked before and after they clocked in/out of Defendant's time keeping, and during the times that they working while they were clocked out for a lunch break, but were still working, as evidenced by Defendant's other computerized and/or electronic systems. The facts for these allegations are set forth below in Count I. The number and identity of other plaintiffs may be determined from PALOMAR's records and potential class members may easily and quickly be notified of the pendency of this action.

14. Plaintiff's count two state law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action pursuant to Fed.R.Civ.P. 23.

15. The class on whose behalf the action is brought is so numerous that joinder of

all parties individually would be impracticable. Plaintiff brings this action on behalf of approximately Three Thousand (3,000) non-exempt, current and former employees of Defendant who work or worked facilities located in California, and who share a common or general interest, and it would be impracticable for those employees to bring the action individually. Any variations in job activities between the individual class members are legally insignificant to the issues presented by this action since the central facts remain, to wit, Plaintiff and all other class members were improperly denied the benefits and protections of the FLSA, by and through Defendants' standard and institutionalized practices, and were therefore victims or the illegal and/or unfair acts and practices of PALOMAR.

16. The approximately Three Thousand (3,000) member class is ascertainable via their experience as current or former employees of Defendants, designated by PALOMAR as "non-exempt" and thus entitled to Overtime Compensation, who work or worked in facilities located in California.

17. This action involves questions of law and fact common to the Class that predominate over any questions affecting only individual members in that Plaintiff brings this action on behalf of a class of Defendant's current and former nonexempt employees who work or worked in facilities located in California and who were and/or are denied the benefits and protections of the FLSA. The questions of law and fact common to the Class arising from PALOMAR's actions include, without limitation, the following:

    a. Whether PALOMAR deprived Class Members of proper and complete compensation (including overtime compensation) in violation of, *inter alia*, sections 207(a) and 207(e) of the FLSA, and 29 C.F.R. section 778.207 in that PALOMAR failed to properly calculate the Regular Rate of Pay (for purposes of calculating the proper Overtime Rate of Pay) for those employees who received a shift differential. Employers must include

- 4 -

       shift differential pay when determining an employee's Regular Rate of Pay. 29 CFR §778.207(b). The proper method to calculate the Overtime Compensation under the FLSA is to include all remuneration in any given work week and divide by the total hours worked to get the Regular Rate of Pay. 29 CFR § 778.109. PALOMAR failed to properly perform such an action, to Plaintiff's, and class members', monetary loss.

    b.  Whether PALOMAR deprived Class Members of proper and complete compensation (including overtime compensation) in violation of, inter alia, section 207(a) of the FLSA, and 29 C.F.R. sections 778.106 and 785.11 in that PALOMAR uses a illegal method of calculating time worked, where PALOMAR does not pay employees for the number of hours they actually worked, but rather through a standard compensation policy which (1) does not take into account (a) the employees' actual electronic log-in and log-out times; (b) the hours employees worked before and after they clocked in/out of Defendants' time keeping system but were still working, as evidenced by Defendants' other electronic systems and emails, and (2) PALOMAR systematically redacts 30 minutes of recorded time worked, without any knowledge as to whether employees were performing work during this time.

18. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity to other available methods for the fair and efficient adjudication of the state law claims.

19. Plaintiff's claims in this action are typical of the class whom Plaintiff generally represents. The claims result from Defendant's standard and institutionalized practices, experienced by Plaintiff and all other class members. Any differences in job titles are immaterial, as Defendant used (and uses) a standard system to compensate the class members.

20. A class action is the appropriate method for the fair and efficient adjudication of this controversy. PALOMAR has acted or refused to act on grounds generally applicable to the Class. The presentation of separate actions by individual Class Members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct of PALOMAR, and/or substantially impair or impede the ability of Class Members to protect their interests.

21. Plaintiff is an adequate representative of the Class because she is a member of the Class and her interests do not conflict with the interests of Class Members whom he seeks to represent. The interests of the Class Members will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment and class action litigation.

22. Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each Class Member who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class Members.

## FACTUAL BACKGROUND

23. In December 2014, Plaintiff DESSAMERO-SISON commenced working for Defendants as a nursing supervisor. She continued working for Defendants until through May of 2019. Throughout her employment with Defendants, Plaintiff performed her job in a capable and competent manner and was commended for doing so.

24. Throughout the term of their employ, Plaintiff and all other class members were and are currently denied the benefits and protections of the FLSA, due to the institutionalized pay practices of Defendant, standard as to all Defendant's non-

exempt employees.

## COUNT I

**VIOLATION OF FAIR LABOR STANDARDS ACT OF 1938 - Class Action (Brought against PALOMAR and DOES 1-50 by SISON, individually and on behalf of all others similarly situated)**

25. Plaintiff reasserts and re-alleges the allegations set forth in paragraphs 1-24.

26. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. section 201 *et seq*.

27. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. section 207(a)(1).

28. PALOMAR is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

29. PALOMAR violated the FLSA by failing to provide proper and complete compensation (including overtime compensation) to Plaintiff and all other employees similarly situated. In the course of perpetrating these unlawful practices, PALOMAR also willfully failed to keep accurate records of all hours worked by its employees and the wages due to employees.

30. Specifically, PALOMAR failed to properly calculate the Regular Rate of Pay (for purposes of calculating the proper Overtime Rate of Pay) for those employees who worked certain shifts (e.g. "Evng" or "nght") and received a shift bonus or or other non-discretionary pay for such work, in violation of sections 207(a) and 207(e) of the FLSA, and 29 C.F.R. section 778.207, which requires employers to include shift differential pay and other non-discretionary income when determining an employee's Regular Rate of Pay for purposes of calculating the Overtime Rate of Pay. The proper method to calculate the Overtime

Compensation under the FLSA is to include all remuneration in any given workweek and divide by the total hours worked to get the Regular Rate of Pay. 29 CFR § 778.109. Overtime compensation must be calculated at a rate that is as one and one half of the Regular Rate of Pay, which will exceed the hourly rate when shift differentials are paid. 29 CFR §778.107. PALOMAR failed to properly perform such an action, to Plaintiffs' monetary loss. Simple math confirms that any calculations by PALOMAR failed to comply with the FLSA requirements and fully pay for all overtime worked, to the detriment of Plaintiff and the Class.

31. Further, PALOMAR deprived Class Members of proper and complete compensation (including overtime compensation) in violation of, *inter alia*, section 207(a) of the FLSA, and 29 C.F.R. sections 778.106 and 785.11 by not paying employees for all hours actually worked. To wit, PALOMAR paid its employees pursuant to a standard compensation policy that systematically underpays employees, in an unfair and non-neutral manner. PALOMAR policy: (1) does *not* pay employees according to their actual electronic and/or computer log-in and log-out times; (2) does *not* pay employees for the hours worked before and after they clocked in/out of Defendant's time keeping system but were still working, as evidenced by Defendant's other computerized systems; and (3) systematically redacts 30 minutes of recorded time work, the result being that Class Members were compensated for less time than actually worked.

32. Lastly, PALOMAR failed to maintain accurate records of wages due to employees and their hours worked each day, as a result of perpetrating the unlawful practices discussed, *supra*, as required by the FLSA. 29 C.F.R. 516.2.

33. Section 13 of the FLSA, codified at 29 U.S.C. section 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff nor any other similarly situated employees.

34. Plaintiff and all other similarly situated employees are victims of a uniform and

- 8 -

company wide compensation policy. Upon information and belief, PALOMAR applies/applied this uniform policy to all current and former nonexempt employees, employed within the last three years.

35. Plaintiff and all other similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because PALOMAR acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

36. PALOMAR has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and all other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. section 216(b). Alternatively, should the Court find PALOMAR did act with good faith and reasonable grounds in failing to pay overtime compensation, Plaintiff and all other similarly-situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

37. As a result of the aforementioned willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by PALOMAR from Plaintiff and all other similarly situated employees. Accordingly, PALOMAR is liable for compensatory damages pursuant to 29 U.S.C. section 216(b), together with an additional amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney's fees and costs of this action.

## COUNT II

**VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17200 *et seq*. - Class Action**
**(Brought against PALOMAR and DOES 1-50 by SISON, individually and on behalf of all others similarly situated)**

38. Plaintiff reasserts and re-alleges the allegations set forth in paragraphs 1-37.

39. Business & Professions Code section 17200, *et seq.*, prohibits any unlawful, unfair or fraudulent business act or practice.
26. Plaintiff's allegations herein are based upon Defendant's institutional business acts and practices.
27. Defendant's acts and practices, as described herein, are unlawful and unfair, in that they violate the FLSA.
40. PALOMAR' actions, including but not limited to the failure to properly calculate the "Regular Rate of Pay" (for purposes of subsequently calculating the proper Overtime Rate of Pay), the failure to provide proper and complete compensation (including overtime compensation), and the failure to keep accurate record of wages due to employees, constitute fraudulent and/or unlawful and/or unfair business practices in violation of California's Unfair Competition Laws, codified under Business and Professions Code section 17200 *et seq.* ("UCL").
41. Beginning at an exact date unknown to Plaintiff, but at least since four years prior to the filing date of this action, and as set forth above, PALOMAR committed acts of illegal and unfair competition, as defined by Bus. & Prof. Code § 17200, by failing to adequately and properly compensate its employees for work performed on behalf of PALOMAR. These acts and practices violate the UCL in that:
    1. The above-described failure to pay wages owed to Plaintiff and all other Class Members constituted an illegal, unfair and fraudulent and/or deceptive business act or practice within the meaning of the UCL;
    2. The above-described failure to pay wages owed to Plaintiff and all other Class Members constituted an unlawful and/or unfair business practice under the UCL in that the failure violates the FLSA as described herein; and California Civil Code section 1770(a)(5), which bars "[r]epresenting that goods or services have sponsorship, approval, characteristics,

      ingredients, uses, benefits, or quantities which they do not have..."; and

3. The harm of the above-described failure to pay wages owed to Plaintiff and all other Class Members outweighs the utility of the practices by PALOMAR and, consequently, constitutes an unfair business act or practice within the meaning of the UCL.

42. Upon information and belief, PALOMAR continues its fraudulent and/or unlawful and/or unfair conduct as previously described. As a result of said conduct, PALOMAR has fraudulently and/or unlawfully and/or unfairly obtained monies due to Plaintiff and all other Class Members and are unfairly competing in the marketplace.

43. Plaintiff and all other Class Members are entitled to restitution of monies due, as well as disgorgement of the ill-gotten gains obtained by PALOMAR, for a period of four years predating the filing of this Complaint.

44. As a direct and proximate result of PALOMAR conduct, Plaintiff is entitled to a preliminary and permanent injunction enjoining PALOMAR from continuing its fraudulent and/or unlawful and/or unfair practices alleged herein, and to such other relief as is appropriate under California Business and Professions Code section 17202.

45. Plaintiff is entitled to attorneys' fees and costs for promoting the interests of the general public in causing PALOMAR to cease its fraudulent and/or unlawful and/or unfair business practices, in an amount according to proof, pursuant to California Code of Civil Procedure section 1021.5 and any other applicable law.

## COUNT III

### DISCRIMINATION [Cal. Gov't Code § 12940(a)]
**(Brought against PALOMAR and DOES 1-50 by SISON, in an individual capacity only)**

46. Plaintiff hereby incorporates by reference paragraphs 1 through 45 as though fully set forth herein.

47. Plaintiff was at all times material hereto an employee covered by Cal. Gov't.

- 11 -

Code § 12940 *et seq.,* which prohibits harassment in employment on the basis of race, national origin and/or disability.

48. Defendant is, and at all times material hereto was, an employer and/or person within the meaning of the Fair Employment and Housing Act and, as such, barred from harassing Plaintiff on the basis of her race, national origin and disability, as set forth in Cal. Gov't. Code § 12940(a).

49. Defendant or its employees discriminated against and/or harassed Plaintiff on the basis of race, national origin and disability in violation of Cal. Gov't Code § 12940(a).

50. Plaintiff believes and thereon alleges that her race, national origin and disability was a motivating factor in Defendant's decision to discriminate against her, pass over her for advancement and eventually led to her termination. Additionally, Ms. Sison was invited to apply for a new position, but was passed over for a Caucasian candidate with less experience.

51. Within one year of the last discriminatory act, on June 27, 2019, Plaintiff provided notice of her discrimination claims to the Department of Fair Employment and Housing ("DFEH") and the Equal Employment Opportunity Commission ("EEOC"). On July 27, 2021, Plaintiff was provided with a "right to sue" notice authorizing Plaintiff to proceed with formal litigation. To confirm, a charge of discrimination has a one year statute of limitations following the issuance of a "right to sue" notice. Cal. Gov. Code § 12900 (d); See also *Downs v. Department of Water & Power (*1997) 58 Cal. App. 4th 1093 (Court held employee's FEHA action was not time barred because the one-year period was equitably tolled while employee pursued his federal administrative remedies with EEOC.)

52. As a direct, foreseeable and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and other economic losses in an amount to

1. be determined at time of trial.

53. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to his damage in a sum to be established according to proof.

54. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover attorney fees and costs pursuant to Cal. Gov't. Code § 12965.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of the members of the class, prays for relief as follows:

1. An order certifying that Count I of the action may be maintained as a collective action pursuant to 29 U.S.C. section 216(b);
2. An order certifying that Count II of the action may be maintained as an "opt-out" class action pursuant to Fed.R.Civ.P. 23.
3. Compensatory and statutory damages, penalties and restitution, as appropriate and available under each cause of action, in an amount to be proven at trial;
4. An order enjoining PALOMAR from engaging in the illegal practices alleged, and to ensure compliance with, among other employee protections, 29 C.F.R. sections 778.106, 778.207, and 785.11.
5. An order enjoining PALOMAR from pursuing the fraudulent and/or unlawful and/or unfair policies, acts and practices complained of herein;
6. Attorneys' fees pursuant to, *inter alia*, 29 C.F.R. 216(b) and Cal. Gov't. Code § 12965;
7. Costs of this suit pursuant to, *inter alia*, 29 C.F.R. 216(b) and Cal. Gov't. Code § 12965;
8. Pre- and post-judgment interest;
9. An order reinstating Plaintiff to the position (and level of benefits) she would

have held had there been no wrongdoing by Defendants;

10. An injunction prohibiting any further acts of discrimination or retaliation; and

11. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that this matter be heard and decided by trial by jury.

Dated: July 1, 2021

**SULLIVAN & YAECKEL LAW GROUP, APC**

*/s/ Eric K. Yaeckel*

Eric K. Yaeckel
Ryan T. Kuhn
Attorneys for Plaintiff EVELYN DESSAMERO-SISON, Individually and on behalf of other members of the general public similarly situated